UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YISROEL RIGERMAN, for himself and all others
   similarly situated,                                              14-cv-

                                Plaintiff,                            CLASS ACTION COMPLAINT

   - against -

FORSTER & GARBUS LLP,

                                Defendant.
-----------------------------------------------------------------X

      Plaintiff Yisroel Rigerman by his attorneys Korsinsky & Klein, LLP, brings this class-action complaint for himself and all others similarly situated against Defendant Forster & Garbus LLP and alleges:

### Introduction

1. Plaintiff Yisroel Rigerman seeks, for himself and a class of similarly-situated persons, redress for the practices of Forster & Garbus in which it engaged in an attempt to collect a consumer debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Parties

1. Plaintiff is a citizen of the State of New York who resides in Brooklyn, New York, within this District.

2. Plaintiff is a "consumer" as that term is defined by section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. Defendant Forster & Garbus LLP ("Forster & Garbus") is, upon information and belief, a New York law firm with its office in Commack, New York.

4. The alleged debts that Forster & Garbus sought to collect from Plaintiff and the other members of the Class are "debts" as that term is defined by section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

5. Upon information and belief, Forster & Garbus is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Forster & Garbus is a "debt collector" as that term is defined by section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6), including because it was, upon information and belief, hired by LVNV Funding LLC to pursue debts allegedly owed to LVNV Funding LLC and identified itself in communications to debtors as a "debt collector".

## Jurisdiction and Venue

7. This Court has federal-question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## Facts

9. On or about February 4, 2014, Forster & Garbus sent a letter to Plaintiff concerning an alleged debt owed by Plaintiff to "LVNV Funding LLC as purchaser of an account originally owned by American Express" (the "Letter"). A copy of the Letter is attached as Exhibit 1 hereto. The Letter was addressed to Plaintiff and received by him at his home in Brooklyn, New York, in this District.

10. Plaintiff received the Letter by mail less than one year before the commencement of this Action.

11. After providing information about the alleged debt, including that the amount allegedly owed on it was $6,848.60, the Letter stated:

>This office has been authorized to advise you that a settlement of the above account can be arranged. You are being offered a substantial discount off the current balance due. You may choose one of the three payment options as follows:
>
>A. One payment of $2,397.01, which we shall expect by February 21, 2014.
>
>B. Two payments of $1,712.15 each, totaling $3,424.30 which we shall expect by February 21, 2014, and March 21, 2014.
>
>C. Three payments of $1,255.58 each, totaling $3,766.74, which we shall expect by February 21, 2014, March 21, 2014, and April 21, 2014.
>
>Please note that we are not obligated to repeat this offer.

12. Under the Internal Revenue Code, any debt-amount forgiven in excess of $600 must be reported as income on one's federal income-tax return.

13. Option A is a discount of $4,451.59 from the amount allegedly owed.

14. Option B is a discount of $3,424.30 from the amount allegedly owed.

15. Option C is a discount of $3,081.86 from the amount allegedly owed.

16. The amount of debt being forgiven in each of the "offers" made to Plaintiff that are set out in the Letter may be taxable under 26 U.S.C. § 61(a)(12), which includes in its definition of "gross income" "income from discharge of indebtedness".

17. The Letter fails to advise Plaintiff that the amount that his supposed "substantial discount" for whatever option selected may be taxable and that, therefore, the discounts are not as large as they were being represented to be in the Letter. As a result of not including language to that effect, the Letter constituted a deceptive or misleading collection practice by failing to advise Plaintiff that the supposed amount of a "discount" from the amount allegedly owed should one of the options be exercised may not be as large as it was stated to be in the Letter.

## Class Certification

18. This action is brought on behalf of Plaintiff and the members of a class consisting of all persons to whom Forster & Garbus has sent letters substantially in the form of the Letter for alleged debts owed to entities that retained Forster & Garbus to attempt to collect debts within one year of the date on which this Action is commenced in which the amount of any discount offered exceeds $600 (the "Class").

19. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that the Letter is a form letter that is typical, upon information and belief, of similar letters sent by Forster & Garbus in attempts to collect debts allegedly owed to creditors that retained Forster & Garbus to attempt to collect debts, the class is so numerous in size that joinder of all members is impracticable.

(b) There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether Forster & Garbus violated the FDCPA in its use of a form letter substantially identical to the Letter in which it promoted "substantial discounts" should one of its settlement offers be accepted when in fact the amount of any "discount" would be significantly lower than what was stated or implied by the letter sent.

(c) The only individual issue involves the identification of the consumers who received such letters, i.e., the class members. This is a matter capable of ministerial determination from the records of Forster & Garbus.

(d) The claims of Plaintiff are typical of those of the class members. The class claim is based on substantially-similar facts and legal theories.

(e) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained counsel experienced in bringing class actions and FDCPA claims. Plaintiff's interests are consistent with those of the members of the Class.

20. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA, 15 U.S.C. § 1692k.

21. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**Violation of the Fair Debt Collection Practices Act brought by Plaintiff**
**on behalf of himself and the members of a class as against Defendant**

23. Plaintiff re-states, re-alleges, and incorporates herein by reference the foregoing paragraphs as if they were set forth fully in this claim for relief.

24. In its sending of the Letter and letters substantially similar thereto which were deceptive as to the amount of any "discount" that would be enjoyed should its recipient accept one of the proffered offers, Forster & Garbus violated section 809(a)(4) of the FDCPA, 15 U.S.C. § 1692g(a)(4).

25. As a result of the foregoing, Forster & Garbus violated the Fair Debt Collection Practices Act.

26. Because Forster & Garbus violated of the Fair Debt Collection Practices Act, Plaintiff and the other members of the Class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, for himself and all those similarly situated, requests that this Court enter an order in favor of Plaintiff and the other members of the Class and against Defendant Forster & Garbus as follows:

(i) Certifying this as a class action and the Class described in paragraph 18 hereof pursuant to rule 23 of the Federal Rules of Civil Procedure;

(ii) Awarding statutory and actual damages provided under the section 813 of the FDCPA, 15 U.S.C. § 1692k;

(iii) Granting judgment awarding attorney's fees, litigation expenses, and costs incurred in bringing this action; and

(iv) Granting such other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
March 17, 2014

KORSINSKY & KLEIN LLP

By: _____/s/ Michael Korsinsky_____
Michael Korsinsky
2926 Avenue L
Brooklyn, New York 11210
(212) 495-8133
*Attorneys for Plaintiff and the Putative Class*

# Exhibit 1

**FORSTER & GARBUS LLP**
A NEW YORK LAW FIRM

60 Motor Parkway
Commack, NY 11725-5710
Q16357753213DST3D

18 38 00006174
364643

RONALD FORSTER - Adm. in NY Only
MARK A. GARBUS - Adm. in NY Only
EDWARD J. DAMSKY - Adm. in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only

ANNETTE T. ALTMAN - Adm in NY Only
OLIVIA DEBELLIS - Adm in NY Only
RONALD J. FERRARO - Adm in NY & NJ
MICHAEL J. FLORIO - Adm in NY Only
AMY GAVLIK - Adm in NY Only
TESS E. GUNTHER - Adm in NY & CT
KEVIN M. KNAB - Adm in NY Only
MICHAEL S. LEINOFF - Adm in NY Only

**PERSONAL & CONFIDENTIAL**



February 4, 2014

BALANCE DUE as of February 4, 2014 ▸ $6,848.60
Reference Number ▸ Q16357753213
Account Number ▸ XXXXXXXXXXX1003
Re ▸ LVNV FUNDING LLC
AS PURCHASER OF AN ACCOUNT ORIGINALLY OWNED BY AMERICAN EXPRESS

1-631-393-9400
1-877-319-6838 Ext. 375
**Representative Name: MR STAMOU**
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST
Our Client's NYC DCA License# 1326179

YISROEL RIGERMAN
2048 64TH ST
PO BOX 21041
BROOKLYN NY 11202-1041

Dear Yisroel Rigerman,

This office has been authorized to advise you that a settlement of the above account can be arranged. You are being offered a substantial discount off the current balance due. You may choose one of the three payment options as follows:
A. One payment of $2,397.01, which we shall expect by February 21, 2014.
B. Two payments of $1,712.15 each, totaling $3,424.30 which we shall expect by February 21, 2014, and March 21, 2014.
C. Three payments of $1,255.58 each, totaling $3,766.74, which we shall expect by February 21, 2014, March 21, 2014, and April 21, 2014.

Please note that we are not obligated to repeat this offer.

Please return the bottom portion of this letter with your selection checked to confirm your settlement choice. If you are unable to take advantage of the above settlement opportunities, please contact this office so we may arrange a payment plan on the account.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

---

Office Location: 60 Motor Parkway
Commack, NY 11725-5710

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, COMMACK, NY 11725-9030 IN ENCLOSED ENVELOPE

Please select a payment option: ☐ A   ☐ B   ☐ C

YISROEL RIGERMAN
2048 64TH ST
PO BOX 21041
BROOKLYN NY 11202-1041

BALANCE DUE as of February 4, 2014 ▸ $6,848.60
Reference Number ▸ Q16357753213
Re ▸ LVNV FUNDING LLC
AS PURCHASER OF AN ACCOUNT ORIGINALLY OWNED BY AMERICAN EXPRESS

Rep. Code ▸ 1W
Date ▸ February 4, 2014

➡ Please Note Current    BEST TIME TO CALL

Home Phone # _____ _____

Work Phone # _____ _____

Cell Phone # _____ _____

Q16357753213

Forster & Garbus LLP
PO BOX 9030
COMMACK, NY 11725-9030

FGST3
F&GST3.V4
364643
Page 1 of 1