UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

YISROEL RIGERMAN, for himself and all others
similarly situated,

                Plaintiff,          **MEMORANDUM & ORDER**
                                        14-CV-1805 (MKB)

        v.

FORSTER & GARBUS LLP,

                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Yisroel Rigerman,[1] brings this action individually and on behalf of others similarly situated, against Defendant Forster & Garbus LLP alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and seeking statutory damages. Plaintiff alleges that the language of a debt collection letter he received from Defendant (the "Letter") constitutes false, deceptive or misleading collection practices under the FDCPA. Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court grants Defendant's motion to dismiss.

**I. Background**

      The facts alleged in the Complaint are assumed to be true for the purposes of this motion. On February 4, 2014, Plaintiff received the Letter at his home in Brooklyn, New York, for an "alleged debt" owed to LVNV Funding LLC ("LVNV").[2] (Compl. Ex. 1.) Defendant identified

---

[1] Plaintiff inexplicably refers to himself as "Leonid Rigerman" in his memorandum of law in opposition to the motion to dismiss.

itself as a debt collector and offered Plaintiff the ability to settle the outstanding balance of $6848.60 "at a substantial discount." (*Id.*) The Letter states in relevant part that "[y]ou are being offered a substantial discount off the current balance due." (*Id.*) Defendant offered Plaintiff three possible settlement options: (1) a single payment of $2397.01; (2) two payments of $1712.15 each, due by February 21, 2014, and March 21, 2014, respectively; and (3) three payments of $1255.58 each, totaling $3766.74, due by February 21, 2014, March 21, 2014, and April 21, 2014, respectively. (*Id.*) The Letter did not mention any potential tax consequences that could result from the acceptance of any of the offers.[3] (Compl. ¶ 17.)

## II. Discussion

### a. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must take all of the factual allegations in the complaint as true." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] Plaintiff's "alleged debt" was originally owed to American Express. LVNV purchased the account from American Express and hired Defendant to collect the outstanding balance. (Compl. ¶ 9.)

[3] When deciding a motion to dismiss, a court's review is limited to the four corners of the complaint but a court may also review (1) documents attached to the complaint, (2) any documents incorporated in the complaint by reference, (3) any documents deemed integral to the complaint, and (4) public records. *See Nielsen v. Rabin*, 746 F.3d 58, 65 (2d Cir. 2014) (Jacobs, D. dissenting) (documents attached to the complaint and those incorporated by reference); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (documents integral to the complaint); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (public records). The Letter was attached to the Complaint and relied on by Plaintiff, therefore the Court considers it as a document incorporated by reference and integral to the Complaint. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991))).

(2009)); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678); *see also Pension Ben. Guar. Corp.*, 712 F.3d at 717–18. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Pension Ben. Guar. Corp.*, 712 F.3d at 718 (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### b. The Letter does not violate the FDCPA

Plaintiff asserts that the Letter is deceptive and violates the FDCPA because it describes the discounts as "substantial" but fails to alert Plaintiff to the likely tax implications that would result from the acceptance of any debt-reduction offers, and therefore deceives the least sophisticated consumer by confusing them as to the true value of any potential savings. (Pl. Mem. of Law in Opp'n to Def. Mot. to Dismiss ("Pl. Mem.") 1.) Defendant argues that the Letter was not deceptive within the meaning of the FDCPA because the FDCPA does not require a debt collector to advise a consumer of the tax implications of accepting a settlement offer. (Def. Mem. of Law in Supp. of Def. Mot. to Dismiss ("Def. Mem.") 2.) Defendant argues that it was not required to notify Plaintiff of any tax consequences for several reasons. First, Defendant is not an "applicable financial entity," as defined by the Internal Revenue Code ("I.R.C."), 26

3

C.F.R. § 1.6050M, and is therefore not required to advise Plaintiff about whether or not the forgiven amount would be reported to the Internal Revenue Service ("IRS"). (*Id*. at 8.) Second, even if it was an "applicable financial entity," there are exceptions under which Defendant would not have to report the forgiven amount to the IRS. (*Id*. at 12.) Third, having to mention the IRS in the Letter would have been intimidating to the least sophisticated consumer. (*Id*. at 14.) Fourth, because it is a law firm, Defendant cannot give tax advice to Plaintiff as such advice would violate certain New York State ethics rules. (*Id*. at 16.)

The FDCPA was enacted to protect consumers from the use of abusive debt collection practices by third-party debt collectors, create parity in the debt collection industry, and standardize governmental intervention in the debt collection market. 15 U.S.C. § 1692e; *see also Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) ("Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." (citing 15 U.S.C. § 1692e)).

A "debt collector" is defined as "any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another." 15 U.S.C. § 1692a(6); *see Heintz v. Jenkins*, 514 U.S. 291, 293 (1995) ("The [FDCPA's] definition of the term debt collector includes a person who regularly collects or attempts to collect, directly or indirectly, debts owed to . . . another."). This definition also applies to attorneys. *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 60 (2d Cir. 2004) ("The Supreme Court has made it clear that the FDCPA applies to attorneys 'regularly' engaging in debt collection activity, including such activity in the nature of

4

litigation." (quoting *Heintz,* 514 U.S. at 299)).

The FDCPA prohibits debt collectors from, among other things, making false or misleading representations. 15 U.S.C. § 1692e. Section 1692e specifies certain categories of conduct that are prohibited, including making false representations about the amount or legal status of any debt, threatening to take any action that cannot legally be taken or the debt collector does not intend to take, and using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.*; *see Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) ("The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within [the ban on false, deceptive, or misleading representations or means in connection with the collection of any debt]."). The statute also prohibits "the use of any false, deceptive, or misleading representation in a collection letter . . . regardless of whether the representation in question violates a particular subsection of that provision."[4] *Clomon*, 988 F.2d at 1320 (citing 15 U.S.C. § 1692e(10)). A collection letter will be considered deceptive when it "could mislead a putative-debtor as to the nature and legal status of the underlying debt, or [when it] could impede a consumer's ability to respond to or dispute collection." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 95 (2d Cir. 2012) (citing *Easterling v. Collecto, Inc.*, 692 F.3d 229, 235 (2d Cir. 2012)). This includes practices that are "contradictory, vague, or threatening." *Id*. at 96 (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) and *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22,

---

[4] Plaintiff alleges in the Complaint that Defendant violated 15 U.S.C. § 1692g(a)(4). (Compl. ¶ 24.) This specific subsection addresses "validation of debts," and explains the actions required of a debt collector when a consumer disputes a debt or any portion of a debt. However, Plaintiff does not expressly dispute the "alleged debt," but rather challenges the Letter as misleading. The Court assumes that Plaintiff intended to rely on 15 U.S.C. § 1692e which addresses "false or misleading representations," and which is referenced in Plaintiff's papers in opposition to the motion. (Pl. Mem. at 3–4, 13.)

25–26 (2d Cir. 1989)). A collection letter may also violate the FDCPA when its language is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling*, 692 F.3d at 232 (quoting *Clomon*, 988 F.2d at 1319).

In determining whether a collection letter violates the FDCPA, courts utilize an objective standard based on the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008); *Clomon*, 988 F.2d at 1318. This standard "serves [a] dual purpose: it (1) ensures the protection of all consumers, even the naïve and trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon*, 988 F.2d at 1320. Even the "least sophisticated consumer" possesses "a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (quoting *Clomon*, 988 F.2d at 1319); *see Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (noting that the least sophisticated consumer standard is "an objective analysis that seeks to protect the naïve from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of collection letters" (internal citations omitted)). Thus, a plaintiff whose claim is based on "bizarre or idiosyncratic interpretations of collection notices" is not covered by the FDCPA. *Clomon*, 988 F.2d at 1320; *see Jacobson*, 516 F.3d at 90 ("[T]he FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collection notices." (citation omitted)).

Violations of the FDCPA need not be intentional, as the statute imposes a standard of strict liability. *Russell*, 74 F.3d at 33 ("Because the [FDCPA] imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."); *Bentley v.*

6

*Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d Cir. 1993) ("The FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." (citations omitted)).

Plaintiff argues that because the Letter failed to inform him that the "'substantial discount' . . . may be taxable," the Letter "constituted a deceptive or misleading collection practice by failing to advise Plaintiff that the supposed amount of a 'discount' from the amount allegedly owed . . . may not be as large as it was stated in the Letter." (Compl. ¶¶ 17–24.) Plaintiff further asserts that the use of the language "substantial discount" by Defendant, without explaining that the forgiven amount of the debt might be considered a part of his taxable gross income, constitutes a deceptive collection practice in violation of the FDCPA. (*Id.* ¶¶ 24–25.)

### i. Notification of tax consequences is not required

There is no language in the FDCPA that requires a debt collector to notify a debtor of the potential tax consequences of any debt forgiveness. Very few courts have addressed the issue of whether a collection letter must inform a debtor of the potential tax consequences of any debt forgiveness, and all but one have held that the FDCPA does not require a debt collector to inform a debtor of the possible tax consequences of debt forgiveness. *See Altman v. J.C. Christensen & Assocs., Inc.*, No. 13-CV-6502, 2014 WL 2612124, at *3–4 (E.D.N.Y. June 11, 2014) (finding that using the word "savings" without alerting the debtor to possible tax implications, and how the tax implications affect the total amount saved, does not constitute false, deceptive or misleading statements within the meaning of the FDCPA); *Landes v. Cavalry Portfolio Servs., LLC*, 774 F. Supp. 2d 800, 803 (E.D. Va. 2011) (finding that a debt collector's offer of a 20% discount on a debt without warning of the tax consequences did not violate the FDCPA); *Schaefer v. ARM Receivable Mgmt., Inc.*, No. 09-CV-11666, 2011 WL 2847768, at *5 (D. Mass.

July 19, 2011) ("[R]equiring, as a matter of law, debt collectors to inform a debtor of such a potential collateral consequence of settling a pre-existing debt seems far afield from even the broad mandate of the FDCPA to protect debtors from abusive debt collection practices."). *But see Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 220 (N.D.N.Y. 2010) (finding that the plaintiff plausibly alleged a violation of the FDCPA where the defendant, over the course of three separate debt collection letters, explicitly described the *amount to be saved* in both numerical and percentage terms, but failed to alert the plaintiff to any probable tax consequences).

Plaintiff concedes that there is no specific language in the FDCPA requiring that a debt collection letter include information about possible tax consequences. (Pl. Mem. 4 ("[T]here is no specific requirement in the FDCPA that a letter such as the one sent to [Plaintiff] refer to the fact that tax consequences might arise from accepting one of the proffered offers . . . .").) Plaintiff argues, instead, that the failure to include information about the tax implications makes the Letter misleading and therefore constitutes a deceptive collection practice in violation of the FDCPA because the alleged "substantial discount" did not explain that the forgiven amount of the debt might be considered as part of his taxable income. As discussed below, the Letter is not misleading.[5]

### ii. The Letter is not misleading

Plaintiff contends that the lack of any information in the Letter alerting him to possible tax implications, together with a description of the discount as "substantial," makes the Letter

---

[5] Plaintiff does not allege that Defendant failed to include any other information required by the statute. *Cf. DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) ("A debt collector violates the [FDCPA] if it fails to convey the information required by the [FDCPA]." (citations omitted)). *See generally Mizrahi v. Network Recovery Serv., Inc.*, No. 98-CV-4528, 1999 WL 33127737, at *8 (E.D.N.Y. Nov. 5, 1999) ("[A] section 1692e(10) violation frequently accompanies the violation of a more specific 1692e provision." (citations omitted)).

deceptive under the FDCPA. (Compl. ¶ 17; Pl. Mem. 4 ("[T]he point is not whether 'tax consequences' had to be revealed — [Plaintiff] does not claim that they do — but that *the promoted 'substantial discount' without more rendered the Letter misleading*.").) Plaintiff provides no legal support for such an expansive reading of the FDCPA. Plaintiff argues instead that the courts that have found otherwise have read the statute too narrowly. (Pl. Mem. 5–6.)

As an initial matter, none of the information provided in the Letter is false and Plaintiff does not argue otherwise. The Letter specifies that Plaintiff owes $6848.60, and can satisfy his debt at a "substantial discount" if Plaintiff made certain reduced payments by certain dates. The Letter gave Plaintiff three possible settlement options, representing a 65%, 50% and 45% discount from the "alleged debt." Thus, there is no question that by any definition of "substantial," Plaintiff was offered a substantial discount to satisfy the debt.

Plaintiff contends, however, that by failing to notify him that the forgiven debt could be considered a part of his taxable gross income and therefore subject to income tax under the I.R.C., the Letter constitutes a deceptive collection practice in violation of the FDCPA. (Compl. ¶ 17.) Plaintiff asserts that under the I.R.C., "any debt-amount forgiven in excess of $600 must be reported as income on one's federal income-tax return," and therefore, "[t]he amount of the debt being forgiven in each of the "offers" made to Plaintiff . . . may be taxable." (*Id.* ¶ 12.) Plaintiff further contends that because the Letter failed to inform him that the "'substantial discount' . . . may be taxable," the Letter "constituted a deceptive or misleading collection practice by failing to advise Plaintiff that the supposed amount of a 'discount' from the amount allegedly owed . . . may not be as large as it was stated in the Letter." (*Id*. ¶ 17–24.) The crux of Plaintiff's argument appears to be that any discount offered in the Letter is less than the amount actually being offered since the amount of the discount will change depending on the amount of

9

taxes Plaintiff may be required to pay. Plaintiff also appears to question whether any discount is "substantial" since Plaintiff may have to pay taxes on the forgiven amount.

It is without question that if Plaintiff has to pay taxes on the forgiven debt, the amount forgiven would be less than if Plaintiff is not required to pay taxes; any tax paid would reduce Plaintiff's savings. However, even if Plaintiff does have to pay taxes on the unpaid amount of the debt, the Letter's failure to include information on potential tax consequences does not render it misleading. First, the letter does not specify Plaintiff's savings. Rather, the Letter specifies the amount Plaintiff is required to pay to satisfy the debt owed: a single payment of $2397.01, two payments of $1712.15, or three payments of $1255.58, in order to satisfy the debt. (Compl. Ex. 1.) Thus, Plaintiff would have to personally calculate what his savings would be with or without having to pay taxes on the forgiven debt. *Cf. Altman,* 2014 WL 2612124, at *1–2 (rejecting the plaintiff's argument that by specifying "the precise percentage of savings on his outstanding account balance that would result from the settlement offer," the debt collector "assumed the obligation to inform him" of the possible tax consequences).

Likewise, Plaintiff's additional argument that the word "substantial" as used in the Letter to describe the savings makes the Letter misleading and therefore deceptive is also contradicted by the Letter. Offering Plaintiff a discount of 45%, 50% and 65% from the amount owed is a substantial discount. *See Substantial Definition*, DICTIONARY.COM, http://dictionary.reference.com/browse/substantial (last visited Mar. 15, 2015) (defining substantial as being "of ample or considerable amount, quantity, size, etc."). Even if Plaintiff had to pay taxes on the savings of 65%, 50% and 45% (the "alleged debt" amount less the discount percentages offered), the discounts after taxes would nevertheless be considered "substantial" discounts by the least sophisticated consumer.

10

In view of the goals of the FDCPA, the Court finds that the Letter clearly states the amount of the debt Plaintiff owes, the discount being offered to him depending on when he makes a payment and the number of payments he makes, and its characterization of these discounts of 45%, 50% and 65% as substantial, is neither false nor misleading, and does not constitute a deceptive collection practice. Plaintiff has therefore failed to sufficiently allege a violation of the FDCPA.

### III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 16, 2015
      Brooklyn, New York